IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

RYAN WILLIS,                                                    Civil Action No.

    Plaintiff,

v.

WESTGATE & SONS TRANSPORT LLC

    Defendants,

## COMPLAINT

Plaintiff, by and through his undersigned counsel, files this complaint for unpaid wages against the above-listed Defendant.

### STATEMENT OF THE CASE

1. Defendant Westgate & Sons Transport LLC ("Westgate") formerly employed Plaintiff Ryan Willis as a driver hauling cargo trailers in and through Maine, New Hampshire, Connecticut, New York, New Jersey, Pennsylvania, Maryland, Delaware, Virginia, North Carolina, South Carolina and Georgia.

2. Defendant Westgate employed Willis for a short period from approximately the end of May 2017 through June 2017, then abruptly terminated his employment and refused to pay Willis any wages at all.

3. Defendant Westgate violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Maine wage laws 26 M.R.S. §§ 621-A, 626-A, 629, 631, 664, and 670.

4. Defendant Westgate's violations of the FLSA and Maine's wage laws were willful and deliberate.

5.      Plaintiff Willis seeks compensation for the Defendant's violations of the FLSA and Maine's wage laws.

## PARTIES, JURISDICTION, AND VENUE

6.      Plaintiff Ryan Willis is a resident of Kennebec County, Maine.

7.      Defendant Westgate & Sons Transport LLC is a Maine business with principal address of 949 Main St., Pittsfield, ME 04967, which does business in Maine, New Hampshire and multiple other states on the East Coast.

8.      Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

9.      Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the laws of Maine, pursuant to 13 U.S.C. § 1367.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because most of the events and omissions giving rise to the Plaintiff's claims occurred in the District of Maine, and the Defendant is headquartered, conducts substantial business, and/or resides in the state of Maine.

## FACTS

11.     Defendant Westgate operates a business hauling cargo through the Eastern United States.

12.     Plaintiff Ryan Willis was employed by Defendant Westgate as a driver from the end of May 2017 through June 2017, driving cargo containers in and through Maine, New Hampshire and multiple other states on the East Coast.

13.     Upon information and belief, Defendant Westgate has over $500,000 in gross receipts per year.

14. Willis, at the direction of Defendant Westgate, routinely handled goods that had traveled in interstate commerce and has driven cargo containers in and through various locations in Maine, New Hampshire and multiple other states on the East Coast.

15. Defendant Westgate did not have a poster detailing the minimum wage at their workplace.

16. Defendant Westgate agreed to pay Willis based upon the completion of certain deliveries. But, as described further below, Defendant Westgate failed to make any payment of any kind at all to Willis despite Willis' completion of assigned tasks.

## WESTGATE FAILS TO PAY WILLIS ANY WAGES

17. Upon the completion of a delivery in June 2017, Defendant Westgate informed Willis his employment was terminated.

18. Defendant Westgate failed to pay Willis any wages at all for his work.

19. Defendant Westgate refused to communicate with Willis regarding the reasoning for his termination and Westgate's failure to pay Willis any wages, despite Willis' multiple attempts to communicate with Defendant Westgate.

## WESTGATE FAILS TO CORRECT ITS FAILURE TO PAY

20. As noted above, Plaintiff Willis repeatedly attempted to contact Defendant Westgate to determine the specific cause of his termination and to recover wages he was owed. Defendant Westgate failed to respond to Willis.

21. Ultimately, Plaintiff Willis, through counsel, demanded all unpaid wages and his employment files by certified letter dated July 20, 2017, which was delivered to Defendants on July 22, 2017.

22. Defendant Westgate failed to provide Willis with a copy of his employment files or provide any response whatsoever within 10 days, as required by 26 M.R.S. § 631.

23. As of the date of this filing, Defendant Westgate has failed to provide Willis with any employment files or response whatsoever.

24. Defendant Westgate has refused to correct their failure to pay Plaintiff Willis notwithstanding the receipt of complaints.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF MAINE WAGE PAYMENT LAW

25. Plaintiff Willis incorporates all previous paragraphs.

26. Defendant Westgate employed Willis as a driver.

27. Defendant Westgate failed to pay Plaintiff Willis all wages due on payday pursuant to the employment agreement that incorporated by law all applicable state wage laws.

28. Defendant Westgate failed to pay Plaintiff Willis for all hours worked as required under 26 M.R.S. § 629 by engaging him in non-compensatory activities for the benefit of the employer.

29. The Defendants failed to pay all wages due Plaintiff Willis all wages due on payday as required under 26 M.R.S. § 621-A.

30. After leaving employment, Plaintiff Willis demanded payment of the late and unpaid wages in compliance with 26 M.R.S. §§ 626 and 626-A. Defendants indisputably owed Plaintiff Willis payment of all wages due.

31. Defendant Westgate failed to pay Plaintiff Willis within eight days of the due date, nor within eight days of demand, and are liable pursuant to ME. REV. STATE. TIT. 26 §626-

A for unpaid wages, a reasonable rate of interest, costs of suit including reasonable attorneys; fees, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT II:
## BREACH OF THE MAINE MINIMUM WAGE LAW

32. Plaintiff Willis incorporates all previous paragraphs.

33. Defendant Westgate employed Plaintiff Willis under 26 M.R.S. § 663.

34. Defendant Westgate failed to pay Plaintiff Willis the minimum wage of $9 per hour required under 26 M.R.S. § 664 by failing to pay him any wages whatsoever.

35. Accordingly, under 26 M.R.S. § 670 Defendant Westgate is liable to Plaintiff Willis for unpaid wages adjudged to be due, an additional amount equal to such wages as liquidated damages, and costs of suit, including reasonable attorneys' fees.

## COUNT III:
## BREACH OF EMPLOYERS' OBLIGATION TO PROVIDE EMPLOYMENT FILE

36. Plaintiff Willis incorporates all previous paragraphs.

37. Plaintiff Willis, through counsel, requested a copy of any employment files held by Defendant Westgate regarding his employment via certified letter dated July 20, 2017, which was delivered on July 22, 2017.

38. As of the date of this filing, Defendant Westgate has failed to respond in any manner to Willis' request.

39. Accordingly, under 26 M.R.S. § 631, Defendant Westgate was required to provide Willis with a copy of his employment file within 10 days of his request. Having failed to do so, Defendant Westgate is subject to a civil forfeiture of $25 per day for each day that the failure has continued, which as of the date of this filing totals $250. Further, Defendant Westgate is subject

to equitable relief, including an injunction, as the Court may deem necessary and proper and may award Plaintiff Willis the reasonable costs of suit including a reasonable attorney's fee.

## COUNT IV:
## BREACH OF THE FAIR LABOR STANDARDS ACT
## 28 U.S.C. §§ 201 *et seq.*

40. Plaintiff Willis incorporates all previous paragraphs.

41. During all times relevant to this action, Plaintiff Willis was employed by Defendant Westgate as defined by 29 U.S.C. § 203(g).

42. Defendant Westgate failed to pay Plaintiff Willis the federal minimum wage of $7.25 per hour by failing to pay him any wages at all.

43. During all times relevant to this action, Plaintiff Willis was employed by Defendant Westgate in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

44. Upon information and belief, Defendant Westgate had annual gross revenue in excess of $500,000 and employed two or more persons, including Plaintiff Willis, who handled and worked on materials which had been moved in interstate commerce.

45. Plaintiff Willis is entitled to unpaid minimum wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Plaintiff Willis demands a jury for all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff respectfully request that this Court enter an order or orders:

a. Awarding the Plaintiff unpaid wages pursuant to 26 M.R.S. §§ 626, 626-A and/or 670;

b. Awarding the Plaintiff liquidated damages and penalties pursuant to 26 M.R.S. §§ 626-A and 670;

c. Awarding the Plaintiff costs and attorney fees pursuant to 26 M.R.S. §§ 626-A and/or 670;

d. Awarding the Plaintiff costs and attorneys fees pursuant to 26 M.R.S. § 631;

e. Compelling Defendant Westgate to produce to Plaintiff a copy of all employment files in its possession concerning Plaintiff's employment pursuant to 26 M.R.S. § 631;

f. Awarding the Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 207 & 216;

g. Awarding the Plaintiff liquidated damages and penalties pursuant to 29 U.S.C. §§ 207 & 216;

h. Awarding the Plaintiff costs and attorneys' fees pursuant to 29 U.S.C. §§ 207 & 216;

i. Granting such other relief as this Court deems just and proper.

Dated: August 11, 2017

                                              Respectfully Submitted,

                                              /s/ Peter Mancuso
                                              Peter Mancuso, Esq.
                                              Andrew Schmidt, Esq.

                                              Andrew Schmidt Law, PLLC
                                              97 India St.
                                              Portland, Maine 04101
                                              207-619-0884
                                              Peter@MaineWorkerJustice.com

                                              *Attorneys for the Plaintiff*